BEN L. DAVIS, as Supervisor of Registration of Escambia County, Florida, v. STATE OF FLORIDA, ex rel. ESSAU CHAVIS.

23 So. (2nd) 87                                        June Term, 1945
July 27, 1945                                          En Banc

A. Morley Darby and J. Tom Watson, Attorney General and D. Fred McMullen, Assistant Attorney General, for appellee.

John M. Coe, for appellee.

BUFORD, J.:

This is a companion case to that of Ben L. Davis as Supervisor of Registration of Escambia County, Florida v. State of Florida ex rel. R. A. Cromwell.

There is one question involved in this case which was not involved in the Cromwell case and there was also one question involved in the Cromwell case which was not involved in this case. The question involved in the Cromwell case not involved here was the validity of chapter 17399, Acts of 1935. The question involved in this case which was not involved in the Cromwell case involved motion to quash the alternative writ upon the ground that "said writ does not allege or show such compliance with the provisions of Section 102.11, Florida Statutes, 1941 (same F.S.A.) as to entitle the relator to the relief sought thereby."

Sec. 102.11 Fla. Statutes 1941, (same F.S.A.) provides as follows:

"102.11. How persons may register change of party affiliation.—Any person who has registered or who may here-after register under the provisions of this chapter in an election precinct which is not located wholly or in part within a city of more than twenty thousand population, desiring to change his political party affiliations may have such change made any time after the general primary next following his registration by making application in writing, duly signed by the applicant, to the supervisor of registration at least sixty days before the date of any general primary and upon such application being made the supervisor of registration shall note the change of party affiliation upon the registration book and shall furnish to the person requesting the change a certificate showing such change and transfer of party affiliations. Such applications shall be retained on file in the office of the supervisor of registration."

It is contended in brief and is so shown by the record that the alternative writ was insufficient to show the petitioner was entitled to the relief prayed or that it was the duty of the supervisor of registration to perform the services sought to be coerced. That contention is presented by the following question:

"Where an alternative writ of mandamus commands a supervisor of registration to register a change of the relator's political party affiliations on the primary registration books and such writ fails to show that the relator was registered

under the provisions of Chapter 102, Florida Statutes Annotated, and that the application of the relator for such change was made to such supervisor after the general primary next following his registration, did the circuit court err in denying a motion of such supervisor as respondent to quash such writ where such motion was founded on the grounds that such writ did not show that the relator had complied with the provisions of section 102.11, Florida Statutes Annotated, did not show a clear legal right in the relator to the relief sought and did not show a legal duty of such supervisor to perform the act sought to be coerced?"

The record does not show that this infirmity was pointed out to the court below but the relator there relied upon general assertion hereinbefore quoted. However, every material requirement stated in Sec. 102.11, *supra,* was shown by testimony on final hearing to have been complied with and the court so found. It may have been technical error for the court not to require an amendment to the alternative writ, that it might meet the objection contemplated by the respondent, but the record shows that this is an amendment which the facts would have warranted and which could have been immediately accomplished.

We think this is that sort of an error which comes squarely within the purview of Sec. 54.23, Fla. Statutes 1941, (same F.S.A.) commonly known as the harmless error statute.

There is also a motion in this case to strike parts, or certain language, from appellee's brief on the ground that the same offends against (Sec. II) paragraph 5 of the Rules governing the conduct of attorneys in Florida. It is not necessary for us to quote the language to which exception is taken. It is sufficient to say that the motion is well taken and is granted.

The judgment is affirmed.

So ordered.

TERRELL, BROWN and ADAMS, JJ., concur.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., agree to conclusion.

THOMAS, J., concurring:

I agree to the conclusion because the principal question, whether relator is entitled to registration, must concededly be answered in the affirmative. In his brief the Attorney General says: "To be candid, we must admit that under Smith v. Allwright, *supra,* [32 U. S. 649, 64 S. Ct. 757, 88 L. Ed. 987] the question posed here should be answered in the affirmative."